**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4083**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

GERALD EUGENE MICHAEL,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:10-cr-00379-CCE-1)

_____

Submitted:  December 21, 2012     Decided:  January 11, 2013

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Gerald Eugene Michael was convicted by a federal jury of drug and firearm offenses, and — relevant to this appeal — solicitation to commit murder, in violation of 18 U.S.C. § 373 (2006), and conspiracy to kill another person with the intent to prevent that person from attending and testifying in an official district court proceeding, in violation of 18 U.S.C. § 1512(a)(1)(A) (2006). The district court sentenced Michael to a total of 240 months' imprisonment. On appeal, Michael seeks to have his convictions for solicitation and conspiracy to kill a witness vacated because the district court erred when it refused to instruct the jury on entrapment. We affirm.

We review de novo a district court's decision to deny a defendant's requested instruction on entrapment. United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006). "An entrapment defense has two elements: (1) government inducement of the crime and (2) the defendant's lack of predisposition to engage in the criminal conduct." Id. Before giving an entrapment instruction, the district court must make a threshold determination "whether there is sufficient evidence for a reasonable jury to determine that there was entrapment." Id. We have held that "[e]ntrapment only arises in the context of government inducement." United States v. Hackley, 662 F.3d 671, 682 (4th Cir. 2011), cert. denied, 132 S. Ct. 1936 (2012).

2

Michael "must produce more than a scintilla of evidence that the government induced him to commit the charged offense." United States v. Daniel, 3 F.3d 775, 778 (4th Cir. 1993).

Here, it is clear that there was no Government inducement because Tony Walser was not acting as a Government agent at the time the solicitation and conspiracy to kill the witness began. Walser became a Government agent on November 17, 2010, when he first contacted law enforcement officials. Our review of the record leads us to conclude that Michael conspired to kill the witness prior to November 17, 2010. Further, Michael fails to produce sufficient evidence for a reasonable jury to conclude that Walser's actions, as a Government agent, induced Michael to join the conspiracy. Therefore, we conclude that the district court did not err in refusing to give an entrapment instruction to the jury.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED